# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON B. HORNBACK,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | CASE NO. 06CV1387 BEN (AJB)<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE [D.E. #5] |

Petitioner Alton B. Hornback ("Petitioner") petitions this Court *pro se* to issue a Writ of Mandamus, in accordance with 28 U.S.C. § 1361, ordering Respondent United States of America ("Respondent") via the Director of the United States Patent and Trademark Office ("PTO") to correct his patent. (Doc. No. 1.)  Presently before the Court is Respondent's Motion to Dismiss. (Doc. No. 5.)  For the following reasons, the Court **GRANTS WITHOUT PREJUDICE** Respondent's motion.

## I. BACKGROUND

Petitioner filed U.S. Patent Application 06/859,033 that was directed to a "Real Time Boresight Error Slope Sensor" on April 25, 1986.  On August 24, 1987, the PTO imposed a secrecy order on that application pursuant to 35 U.S.C. § 181.  On September 17, 1987, the PTO informed Petitioner his application was in condition for allowance, but that in light of the secrecy order it would be withheld from issue "during such period as the national interest require[d]."  The

secrecy order was renewed each year until it was rescinded on April 21, 1999. The application subsequently issued to Petitioner as U.S. Patent 6,079,666 on June 27, 2000.

Petitioner claims that his issued patent contains numerous errors. Petitioner more or less alleges a governmental conspiracy directed at him whereby the PTO (working at the direction of the Department of Defense) intentionally included numerous "strategically placed" errors in his patent to conceal his invention for counterintelligence purposes.

In a letter dated August 14, 2000, Plaintiff asked the PTO to issue a corrected patent pursuant to 37 C.F.R. § 1.322(b). The PTO apparently did not respond to that letter. Petitioner filed for a Writ of Mandamus in this court, asking the Court to order the PTO to issue a new patent with the requested corrections. (Doc. No. 1.) Respondent filed a Motion to Dismiss on August 31, 2006. (Doc. No. 5.) Petitioner filed his opposition on September 6, 2006. (Doc. No. 7.) A reply was filed by Respondent on September 28, 2006. (Doc. No. 9.) The matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Petitioner has filed a dozen or more actions against the United States government alleging various theories of recovery stemming from alleged wrongs perpetrated by the government centering on the mis-classification of information disclosed in his patent. These actions have been filed in both the United States District Court for the Southern District of California and the United States Court of Federal Claims.[1] All of the actions have presented the same set of operative facts as stated here. Each of the prior actions have been resolved in favor of the Respondent.

## II.   DISCUSSION

A.   Legal Standard

Respondent has moved to dismiss Petitioner's entire suit under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure

---

[1] Petitioner has filed ten lawsuits against the United States in the Court of Federal Claims (Case Nos. 96-121 C; 96-647 C; 98-58 C; 99-38 C; 99-168 C; 00-374 C; 01-99 C; 01-136 C; 02-1915 C; and 03-2063 C) and five prior lawsuits (not including this one) against the United States in the Southern District of California (case Nos. 89CV1914 R(M); 94CV0952 IEG(LSP); 04CV0339 WQH (WMC); 05CV2184 JM(AJB); and 06CV0825 BTM(RBB). Two additional cases were filed subsequent to this action (case Nos. 06CV02113 BEN(AJB) and 07CV00289 BEN(AJB).

1  to state a claim upon which relief can be granted.

2  A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction and possess 'only that power authorized by Constitution and statute.'"  *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp*., 428 F.3d 831, 841 (9th Cir. 2005). Limits upon federal jurisdiction must not be disregarded or evaded.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation and citation omitted).  It is the burden of plaintiffs to persuade the Court that subject matter jurisdiction exists.  *See Hexom v. Oregon Dept. of Transp*., 177 F.3d 1134, 1135 (9th Cir. 1999).

12  A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied,* 544 U.S. 1018 (2005).  A facial attack challenges the sufficiency of the jurisdictional allegations in the complaint.  *See* iId.  In contrast, a factual attack challenges the substance of a complaint's jurisdictional allegations.  *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff.  *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1990).  A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure.  *See Warren v. Fox Family Worldwide, Inc*. 328 F.3d 1136, 1139 (9th Cir. 2003).

23  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6);  *See Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  Rule 12(b)(6) permits dismissal of a claim when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory.  *See Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).  In considering the sufficiency of a complaint under Rule 12(b)(6), a court may grant a motion to dismiss if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. (citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

The Court also recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. *See Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

B.  Mandamus Jurisdiction

Respondent argues that 28 U.S.C. § 1361 does not provide the Court with subject matter jurisdiction because Respondent has not waived its sovereign immunity and Petitioner has not alleged a statutory basis for mandamus relief. Respondent further argues that even if jurisdiction was established, mandamus relief is not appropriate because Petitioner has not exhausted his administrative remedies and other avenues of relief do exist for the Petitioner. A writ of mandamus is an extraordinary remedy and is available where: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003); *see also Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968) ("Mandamus will lie only to compel ministerial duty plainly defined by law and not to compel an exercise of discretion."). Nor may mandamus be used to instruct an official how to exercise his or her discretion. *See Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968). Furthermore, the district court has discretion to not issue a writ of mandamus even where the prerequisites have been satisfied. *See San Jose Mercury News, Inc. v. United States District Court,* 187 F. 3d 1096, 1099 (9th Cir. 1999).

1     Petitioner does not allege any specific statutory duty that would authorize this Court to grant mandamus relief in this action. Title 28 U.S.C. § 1361 states that the district courts of the United States have original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff." However, district courts do not have original jurisdiction to issue writs of mandamus in the absence of constitutional or statutory provisions conferring such authority. *See Petrowski v. Nutt*, 161 F.2d 938 (9th Cir. 1947), *cert. denied,* 333 U.S. 842 (1948), *reh'g denied*, 333 U.S. 882 (1948). Title 28 U.S.C. § 1361 does not in itself provide an independent ground for jurisdiction. *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 459 (9th Cir. 1977).

    A further jurisdictional bar to mandamus relief is sovereign immunity. *See e.g., Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999) (Sovereign immunity barred mandamus action to compel the United States to sue the State of Hawai'i for alleged breach of land trust provision of the Hawai'i Admission Act; that immunity was neither waived by the Act nor by the mandamus statute. The United States had no duty to prosecute the State of Hawai'i nor was the federal enforcement policy so inadequate as to be beyond the discretionary limits of the defendant federal officials, so as to waive immunity under the Administrative Procedure Act.). Merely invoking the mandamus statute does not provide this Court with subject matter jurisdiction nor does it overcome Respondent's sovereign immunity.

    Even assuming subject matter jurisdiction, Petitioner has not established that he would be entitled to mandamus relief. Contrary to Petitioner's assertion, he has not exhausted his administrative remedies. *See Hornback v. U.S.*, 55 Fed. Appx. 536 (Fed. Cir. 2002) (a patentee is required to exhaust administrative remedies by filing for a certificate of correction or reissue before seeking an order requiring PTO to issue a new patent for alleged errors in patent). According to the PTO, Petitioner has not properly filed either a certificate of correction under 35 U.S.C. §§ 254, 255, or a reissue under 35 U.S.C. § 251. (Resp't Mot. to Dismiss, Decl. of Brian E. Hern ¶¶ 3-5). Administrative remedies remain available to the Petitioner, which he should pursue first.

    Therefore, Respondent's Motion to Dismiss Petitioner's Complaint for Writ of Mandamus

for lack of subject matter jurisdiction is granted without prejudice.

### III.  CONCLUSION

For the reasons discussed, the Court **GRANTS WITHOUT PREJUDICE** Respondent's motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  May 15, 2007

Hon. Roger T. Benitez
United States District Judge